FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 9 2011

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

UNITED STATES COURTHOUSE
FOR THE NORTHERN DISTRICT OF GEORGIA
2211 RUSSELL FEDERAL BUILDING
75 SPRING STREET, SW, ATLANTA, GEORGIA 30303

| | |
|---|---|
| Qureshi, Sultan Ahmed ) | |
| (Petitioner – Plaintiff) ) | WSD |
| Vs. ) | |
| Eric Jr. Holder, ) | 1:11-CV-0188 |
| Attorney General of the ) | |
| United States; ) | INDEX NO. 098 945 164 |
| Janet Napolitano, ) | 28 U.S.C 2241 |
| Secretary of the United States ) | |
| Department of Homeland Security, ) | AND |
| Felicia Skinner, ) | |
| District Director, Atlanta, Georgia ) | 28 U.S.C. 2243 Related |
| Bureau of Immigration & Customs ) | to the three days order |
| Enforcement, ) | to show cause |
| Chief Scott Hassle Hart of ) | |
| Etowah County Detention Center, ) | |
| Todd Entrekin, Sheriff of ) | |
| Etowah County Detention Center; ) | |
| Respondent - Defendant ) | |

## VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

### Pursuant to 28 USC 2241 and for order to show cause within three days

### Pursuant to 28 USC 2243.

**Petitioner,** Sultan Ahmed Qureshi, appearing pro se, hereby petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department Of Homeland Security, Immigration & Customs Enforcement {ICE] for more than (6) six months because ICE has been unable to obtain the travel documents necessary to deport him to Pakistan. In support of this petition and complaint, petitioner alleges as follows:

### CUSTODY

1) Petitioner is in the physical custody of respondents and detained at the Etowah County Detention Center, 827 Forrest Avenue, Gadsden, Alabama - 35901, pursuant to a contractual agreement with the Department of Homeland Security.

### JURISDICTION

2) This action arises under the United States Constitution and the Immigration Nationality Act of 1952, as amended, **8 USC 1101 et seq. (the INA).** **And the Administrative Procedure Act, 5 USC 701 et seq. (the APA).**

- 2 -

3) Jurisdiction exists in this Court pursuant to **28 U.S.C. 2241 et seq., 28 U.S.C. 1331, the APA, 5 U.S.C. 701 et seq.,** the Declaratory Judgment Act, **28 U.S.C. 2201 et seq., and the All Writs Act, 28 U.S.C. 1361.** This court has jurisdiction to review petitioner's unlawful detention claims **See Ngo v. INS, 192 F. 3d. 390, 393 (3rd. Cir. 1999).**

## VENUE

4) Venue is proper in this district because Petitioner is currently incarcerated under the District of ICE/DHS Field office of Atlanta, Georgia at Etowah County Detention Center, 827 Forrest Avenue, Gadsden, Alabama - 35901 within the supervisory command of District Director, Felicia Skinner, over the ICE Field Office of Detention and Removal (DRO) resided at 180 Spring Street, Atlanta, Georgia - 30303. **See 28 U.S.C. 1391(e)(2).**

## EXHAUSTION

5) Petitioner has never been convicted of any crime during his stay in United States Since March 2004. On or before October 17, 2007 the Immigration Judge entered The removal order in absence of petitioner, because he failed to appear. As such,

Petitioner alleged that he was never received/served any notice of hearing where he was supposedly to appear before the Immigration Honorable Judge.

As per the Interim Regulations those who do not involved/engaged in any crime and whom the lapse of <u>{90 days}</u> grace time expired without being removed are subject to release under supervision and to report Ice's office on a monthly basis. at present petitioner claims that ICE indefinite confinement infringes his rights in violation of Due process of the Fifth Amendment of the United States Constitution. Petitioner suffer the consequences arises due to his prolonged detention exceeding from <u>**"90 days" to over (8) months**</u> without justifying due cause.

Petitioner has exhausted any and all administrative remedies to the extent required by law.

## **PARTIES**

6) Petitioner is a native and citizen of Pakistan. Petitioner was first taken into the respondent's custody on May 19th. 2010, and has remained in their custody continuously since that date.

7) Respondent-defendant Eric Jr. Holder is sued in his official capacity as the Attorney General of the United States. He is responsible for the administration

      of ICE and the implementation and enforcement of the Immigration and Naturalization Act, ("INA").

      As such Eric Jr. Holder has ultimate authority over petitioner.

8) Respondent-defendant Felicia Skinner is sued in her official capacity as the Field Operations Director, Atlanta, Georgia for ICE DRO. As such, she is the designee of the Acting Director of ICE DRO in Atlanta, Georgia in charged with the duty of administration and enforcement of all the functions, powers, and duties of ICE in Atlanta, Georgia as well as she has responsibilities for detainees confined in the States of Alabama and Georgia, which includes the Etowah County Detention Center, Stewart Facility, Lumpkin and all the detained Aliens by ICE field office of Atlanta, Georgia.

9) Respondent-defendant Chief Scott Hassle Hart and Todd Entrekin, Sheriff of Etowah County Detention Center, where petitioner is currently detained under the authority of ICE, alternatively may be considered to be petitioner's immediate custodian.

10) Respondent-defendant Janet Napolitano is sued in her official capacity as Secretary of the Department of Homeland Security. In this capacity she is

- 5 -

responsible for the administration of the Immigration laws pursuant to **8 USC 1103 (a)** and has ultimate custodial authority over petitioner.

## FACTS

11) Petitioner, Sultan Ahmed Qureshi, is a forty years old born in Pakistan in 1971 and a native and citizen of Pakistan.

12) Petitioner first entered the United States on or about 2001 on B2 Multiple Visa and the last time he entered on March 23, 2004 as an arriving alien.

13) Petitioner entered with a visa and overstayed without having proper Administrative Relief.

14) An Immigration Judge ordered the petitioner removed excluded on October 17th. 2007, on the grounds charging with 237 (a) (1) (B).

15) Petitioner waived his rights to appeal, thereby making the removal/deportation exclusion order final as of the date of the Immigration Judge's decision.

16) Petitioner was taken into custody by ICE on May 19th. 2010 and has been in the custody of ICE for more that (6) six months, since his/her removal deportation/exclusion order became final.

17) Petitioner has co-operated fully with all efforts by ICE to remove petitioner from the United States, specifically, petitioner;

   (a) has provided identity documents such as copies of old passport.

   (b) has provided necessary biographical information.

   (c) has applied for travel documents with his embassy or consulate.

   (d) has complied with all the demands of ICE.

18) To date, however, ICE has been unable to remove petitioner to PAKISTAN or any other country.

19) Petitioners 180 day Custody Review by the Department of Homeland Security Headquarters Post-Order Detention Unit (HQPDU) in Washington, D.C. was conducted on or about November 16th. 2010 but petitioner has not received a decision.

20) If released, petitioner will reside with Amer Qureshi at 2165 Cottage CT-SW Marrietta, Georgia 30008 contact Phone No. (678) 758-3094 & (404) 545-1387.

## PROCEDURAL HISTORY

21) On October 26th. 2005, the petitioner has been served with a Notice to Appear (I-862) charging with Section 237 (a) (1) (B) of I.N.A. .

22) Petitioner has been advised by his Deportation Officer that his case would be sent to the Director of the Headquarters of the Port Order Detention Unit upon completion of 180 days of confinement to [HQPDU}, Washington DC if not being released or removed from the United States. However, his 180 days already completed on **November 15, 2010** and as such, as of today **HQPDU** failed to make a final determination regarding his custody.

## CONSTITUTIONAL FRAME WORK

23) All persons, including aliens, residing in the United States are protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. **(See Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Plyler v. Doe, 457 U.S. 202, 210 (1982).** The due process clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law. U S. Constitution Amendment Fifth Amendment freedom from imprisonment from government custody, detention, or other forms of physical restraint lies at the heart of the liberty that clause protects. **Zadvydas, 533 U.S. at 690**. This protection also extends to an alien subject to a final order of removal. **id. at 693-94**. Detention by ICE puts at risk an individual's protected liberty interest. **Id. at 680, 690**.

## SUBSTANTIVE DUE PROCESS

24) The substantive due process requirement of the Fifth Amendment prohibits the government from subjecting persons to preventative detention for a potential indefinite period. {See **U.S. v Salerno, 481 U.S. 739, 746 (1987)**. Furthermore, civil detention must be narrowly drawn to serve a legitimate and compelling governmental interest, such as ensuring that detainees if released will not present a danger to the community or abscond from future Immigration proceedings. {See **Zadvydas, 533 U.S. at 690-91; Salerno, 481 U.S. at 747**}.

25) In civil cases involving potentially indefinite detention, the goal of preventing danger to the community, without more, is sufficient to justify continued detention; rather, the dangerousness rationale must also be accompanied by some other special circumstance, such as mental illness, that helps to create the danger. **Zadvydas, 533 U.S. at 691**. Thus, an alien mere status as removable, which bears no relationship to his dangerousness, is not a sufficient basis to justify indefinite detention. **id at 691-92**. Similarly, where removal is, at most, a remote possibility, prevention of flight is a weak or non-existent justification for continued detention. **id. at 690.**

## **PROCEDURAL DUE PROCESS**

26) The Fifth Amendment requires that, before depriving a person of his liberty, the government allow that person to be heard at a meaningful time and in a meaningful manner. {**See Mathews v. Eldridge, 424 U.S. 319, 334 (1976)**. The determination of whether particular government conduct violates this procedural due process balances (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of the interest and value (if any) of additional or substitute procedural safeguards; and (3) the government interest, including the burden that additional or substitute procedural requirements would impose. **Id. at 335**. To conform to the requirements of due process, such a hearing must take place before an independent and impartial adjudicator. **Id. at 334-35**. A determination, by ICE District Director to detain an alien indefinitely pending removal is insufficient to satisfy due process. {**See Ekekhor v. Aljets, 979 F. Supp. 640, 644 N.D. Ill. 1997**}.

## **STATUTORY AND REGULATORY FRAMEWORK**

27) The Attorney General is authorized to detain aliens who are subject to final

orders of removal for the purpose of effectuating their removal from the United States. {**See 8 U.S.C. 1231(a).** Generally, aliens shall be removed within 90 days of the latest of: **(1)** the date the removal order becomes administratively final; **(2)** the date that ICE is able to execute the removal order after completion of Judicial Review; or **(3)** the date the alien is released from criminal incarceration. {**See 8 U.S.C. 1231(a)(1)**}.

28) In response to the Supreme Courts decision in **Zadvydas**, the INS issued the Interim regulations regarding continued detention of aliens subject to final orders of removal. {**See 66 Fed. Reg. 56967 (November 14, 2001)**. The Interim regulations now govern by Ice's determination whether there is a significant likelihood that an alien will be removed from th United States in the reasonably foreseeable future, and whether there are special circumstances justifying the continued detention of certain aliens. **Id. at 56967**.

29) Under the Interim regulations, an alien for whom the 90-day period has expired without removal from the United States may submit to the **HQPDU** a written request for release asserting grounds for the belief that there is no significant likelihood that the alien will be removed in the reasonably foresee-

able future to the country to which the alien was ordered removed and there is no third country willing to accept the alien. **8 C.F.R. 241.13(d)(1).** The **HQPDU** must acknowledge the request within **ten- days** of receipt with a letter explaining procedures that will be used to evaluate the request. **8 C.F.R. 241.13(e)(1).** The **HQPDU** must consider all the facts of the case including, Inter alia, the history of the aliens to the country in question, and the reasonably foreseeable results of Ice's on going efforts, **8 C.F.R. 241.13(f),** and provide a written decision. **8 C.F.R. 241.13(g).** If the HQPDU determines that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, and no special circumstances justify continued detention, ICE shall promptly make arrangements for release of the alien subject to appropriate conditions. **8 C.F.R. 241.13(g)(1).** Special circumstances justifying continued detention are **(1)** if the alien has a highly contagious disease that is a threat to public safety; **(2)** if his release would have serious adverse foreign policy consequences; **(3)** if there are security or terrorism concerns; and **(4)** if release would poses a threat or any danger to the public **8 C.F.R. 241.14(b)(d), (f).**

## COUNT ONE

## (DETENTION IN VIOLATION OF INA AND THE INTERIM REGULATIONS)

30) Petitioner repeats and realleges the allegations contained in paragraphs 1 through 31 above as though set forth fully herein;

31) Section 241 of the INA does not authorize ICE to detain indefinitely an alien subject to a final order of removal. The alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future, **Zadvydas, 533 U.S. at 699-700**. ICE may not detain the alien beyond a reasonable period of time, which the Supreme Court has determined to be, presumptively, six months. **Id. at 701**. ICE has detained Petitioner for more than six {6 months) since being detained and researching his travel document from the Pakistan Consulate.

32) Despite, petitioner's good faith and efforts, the Pakistan consulate has still not issue his travel documents. Thus, petitioner has provided evidence that there is no significant likelihood that he will be removed in the reasonably foreseeable future. {See **Yu Zhon v. Ashcroft**}, Civil No. 3: CV-01-0863 (M.D.Pa. April 15, 2002), at 8. See Exh.

33) No special circumstances exists to justify petitioner's continued detention:

   (a) Petitioner is not an alien with a highly contagious disease posing a danger to the public safety. **8 C.F.R. 241.14(b).**

   (b) Petitioner's release would not cause a serious adverse foreign policy consequences. **8 C.F.R. 241.14 (c) (1).** While relations between Pakistan and the United States there is no indication that petitioner's release would jeopardize any foreign relations which let serious adverse consequences.

   (c) Petitioner was not detained on account of Security or Terrorism concerns. **8 C.F.R. 241.14(d)(1).**

   (d) Petitioner has not committed a crime of violence as defined in **18 U.S.C. 16** as would classify him as specially dangerous under the Interim regulations, **8 C.F.R.241.14(f)(i),** and his release therefore, would not poses a threat or danger to the public. **8 C.F.R. 241.14(f).**

34) Because there is no significant likelihood of his removal in the reasonably foreseeable future, and because none of the special circumstances exists here to justify Petitioner's continued detention, petitioner must be released. **(See Zhou).**

## COUNT TWO

## (PROCEDURAL DUE PROCESS VIOLATION)

35) Petitioner has a fundamental interest in freedom from deprivation of his liberty without first being afforded procedural due process protections. Petitioners continued indefinite detention without a hearing before an impartial adjudicator infringes upon his right to procedural due process in violation of the Fifth Amendment. **See Plyler, 457 U.S. at 210.**

36) The decision of the District Director and the unknown decision of the HQPDU denying petitioner release are insufficient to comply with the requirements of procedural due process. **See Ekekhor, 979 F. Supp. at 644; Cruz-Taveras v. McElroy, No. 96 Civ. 5068, 1996 U.S. Dist. Lexis 11516, at *1619 (S.D.N.Y. August 13, 1996).**

37) A custody hearing before an Immigration Judge would significantly reduce the risk of an erroneous deprivation of Petitioners liberty and would pose minimal fiscal or administrative burden on the government. **See Cruz-Taveras, 1996 (U.S. Dist. Lexis) 11516, at *1920.**

## **PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner prays this Honorable Court to grant the following relief by issuing an order:

(a) Order respondents to show cause, returnable within three days pursuant to **28 U.S.C. 2243**, as to why the relief requested in this petition should not be granted.

(b) Declaring that, petitioner's continued detention is not authorized by the (INA) and/or violates the **Fifth Amendment Of U. S. Constitution.**

(c) Granting this petition for a writ of habeas corpus and releasing petitioner under an order of supervision; declaring that petitioner's continued indefinite detention without a hearing before an impartial adjudicator infringes his rights to procedural due process in violation of the **Fifth Amendment**; and,

(d) Enjoining, respondent-defendant to conduct an immediate hearing before an Immigration Judge..

Grant any other relief this court may deem appropriate..

*[Signature]*
**Respectfully submitted**

**Submitted on this 14th. day of January, 2011.**

**Sultan Ahmad Qureshi**
**A# (0) 98 945 164**
**Etowah County Detention Center,**
**827 Forrest Avenue,**
**Gadsden, Al-35901.**

## CERTIFICATE OF SERVICE

I undersigned, Sultan Ahmed Qureshi, hereby certify under the penalty of perjury that on January 14th. 2011, I have served a copy of this Writ of Habeas Corpus by first class mail to the following address:

Mr. Eric Jr. Holder
U.S.A. Attorney General
U. S. Department of Justice
950 Pennsylvania Avenue, N. W.
Washington, D.C. 20530-0001.

Signed on this day of 14th. January, 2011

*[signature]*
Sultan Ahmed Qureshi
A# (0) 98 945 164
Etowah County Detention Center
827 Forrest Avenue,
Gadsden, Al. – 35901.

---------------------